UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-093S |
| | ) | |
| PHALLA MEAS | ) | |

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Phalla Meas, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the information present in this case, the Court should conclude that a probationary sentence is appropriate. Ms. Meas requests the Court impose a sentence of 24 months probation along with restitution. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing.

Respectfully submitted
Phalla Meas
By her attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was hand-delivered to Dennis Jenkins, United States Probation Officer, and Andrew Reich, Assistant United States Attorney, on November 8, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-093S |
| | ) | |
| PHALLA MEAS | ) | |

---

MEMORANDUM IN SUPPORT OF SENTENCING

I. Introduction

Ms. Meas respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Ms. Meas requests the Court impose a sentence of 24 months probation; a sufficient sentence to adequately addresses society's needs of punishment and deterrence under these circumstances without being longer than necessary.

II. Factual and Procedural Background

The government filed a criminal complaint in this matter on November 15, 2006, charging Ms. Meas with one count of embezzling money from Citizen's Bank in April, 2003. Ms. Meas worked as a teller for the bank from May, 2000, until her firing in 2003. Ms. Meas took money on two occasions in April, 2003, totaling approximately $20,000. Ms. Meas appeared before the Court on this complaint on March 1, 2007, and was released on unsecured bond. Ms. Meas waived the grand jury process and pled guilty to the one count information herein on July 20, 2007. Sentencing is scheduled for November 16, 2007.

III. Sentencing Considerations

A. General

This case presents the Court an atypical sentencing situation in which the advisory guideline

range is not at issue and neither are departures or variances. The advisory sentencing range is probation up to 6 months in prison. Without reasonable disagreement, 18 U.S.C. § 3553(a) takes center stage in the Court's sentencing determination. The statute commands the Court to impose a sentence sufficient to address the purposes of sentencing (just punishment, deterrence, incapacitation, and rehabilitation) without being greater than necessary. 18 U.S.C. § 3553(a).[1] Applying the parsimony edict to Ms. Meas's life and background, her offense of conviction, and the unique facts of this case more than reasonably supports a sentence of probation in this instance.

B. Personal Background

Ms. Meas has no other contacts with the criminal justice system. She was born to Cambodian refugees in a Thailand camp and, with great luck and good fortune, immigrated to the United States with her family as a small child. Her parents encouraged her to take advantage of her educational opportunities and she graduated from high school and attended two years of college. Unfortunately her parents did not adjust to America as well and relied on Ms. Meas to help raise her siblings and manage the household. Eventually she left college due to the financial hardship of the family. She obtained a teller job at Citizens Bank and worked fairly successfully for three years.

In April, 2003, however, the family's financial situation became more stressed and the responsibility to keep the family afloat, rightly or wrongly, fell upon 21 year old Phalla. She made the decision to take the money from the bank out in an attempt to solve her family's problems. In hindsight she realizes that she demonstrated extremely poor judgment, and understands that her motivation cannot excuse her offense. It was a desperate act which was completely out of character. She gave a complete statement to the bank investigators at the time this happened taking full responsibility for her actions. She was fired.

---

[1] The statute directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a) (section (2) listing the purposes of sentencing as just punishment, deterrence, incapacitation and rehabilitation). The statute further directs the Court to consider the background and characteristics of the defendant, the nature and circumstances of the offense, the kinds of sentences available, the advisory guidelines, the need to avoid unwarranted disparity in sentences, and the need for restitution when making its sentence determination. *Id.*

After losing her job she struggled. In 2004 she followed her longtime boyfriend, Kam San, to Michigan for work. After six months they decided to return to Fall River because of their family commitments. Since returning Phalla has established a very stable life. She has been living in the same home with Mr. San for over three years, she has held the same job for over three years, she continues to help her parents, and she has given birth to her own daughter. Since this incident she has been a model citizen. Ms. Meas had never been in trouble before, and has not been in trouble since.

C. First Time Offender

When establishing the Federal Sentencing Guidelines, Congress mandated that the United States Sentencing Commission "insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, . . ." 28 U.S.C. § 994(j). The Commission attempted to apply that direction to the guidelines in several ways. First, it established the criminal history gradations to differentiate defendants based on their past criminal behavior or lack thereof. *See* U.S.S.G. § 4 (Criminal History and Criminal Livelihood). Category I of the guidelines criminal history assessment covers first time offenders because they would have no prior criminal contacts. The Commission also established a departure ground for aberrant behavior (see U.S.S.G. § 5K2.20) and the safety-valve adjustment (see U.S.S.G. § 5C1.2) to address first offenders. These applications, however, do not necessarily fulfill Congress's intent in 28 U.S.C. § 994(j). For example, criminal history category I applies to first time offenders as well as defendants with minor criminal contacts or dated uncounted convictions.[2] The safety-valve can also apply to defendants with prior criminal contacts. The aberrant behavior departure embraces the true first time offender, but only suggests a downward departure as opposed to advocating for a non-jail sentence.

The guidelines are not at issue here, but this Court should still consider Congress's

---

[2] Recognizing this wrinkle, the Commission has further studied the different types of defendants who fall into category I and their rates of recidivism with the eye towards adjusting the criminal history category scheme. *See generally*, Recidivism and the First Offender, United States Sentencing Commission (May 2004) (available at www.ussc.gov/publicat/Recidivism_FirstOffender.pdf ) ("First Offender Report").

counsel to impose a non-jail sentences on a first time offender not convicted of crimes of violence or other serious felonies. 28 U.S.C. § 994(j). Congress's directive dovetails cleanly with the § 3553(a) considerations in this case. Ms. Meas fits squarely into to Congress's definition of a first time offender. Her conduct in April, 2003, was clearly aberrant and distinct from the rest of her law abiding life. She has shown herself to be rehabilitated and worthy of a clearly warranted probationary sentence.

D. Seriousness of the Offense

Embezzlement is clearly a serious offense which is classified as a felony and carries a penalty of up to 30 years in prison. The penalties notwithstanding, Ms. Meas's offensive conduct falls into the least serious category of offenses before this Court. Ms. Meas did not commit a crime of violence, a weapons violation, or a drug trafficking crime; all among the most serious. Ms. Meas's offense conduct is not particularly serious when weighed against others in the Court's § 3553(a) analysis, and that seriousness is further mitigated by its aberrant nature and her responsible rehabilitation. There is nothing particularly serious about this offense which warrants the Court to impose anything more than a probationary sentence upon Ms. Meas.

E. Purposes of Sentencing

The sentencing statute directs the Court to impose a parsimonious sentence which supports the purposes of sentencing: just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). Just punishment relates back to the seriousness of the offense, above, and does not warrant incarceration in this instance. The issues of deterrence, incapacitation, and rehabilitation, however, also point to a non-jail sentence.

Ms. Meas is not a typical defendant before this Court for sentencing and her lack of any real potential for recidivism emphasizes the distinction. The United Sentencing Commission, as part of its charter, studied the concept of recidivism and identified many factors which correlate with the possibility of defendants reoffending. Ms. Meas's background encompasses a host of factors which lower the recidivism prediction. She is educated, has a stable long term relationship with her boyfriend, has one child, is a first time offender, has no substance abuse problems, and has strong employment history. These attributes point to a lower likelihood that Ms. Meas will commit future crimes. *See* Measuring Recidivism: The Criminal History

Computation of The Federal Sentencing Guidelines, United States Sentencing Commission, at 12-13 (May 2004) (available at www.ussc.gov/publicat/Recidivism_General.pdf ) ("Recidivism Report").[3] Further, the Sentencing Commission has determined through study that first time offenders (persons with no other contact with the criminal justice system at all) recidivate at the lowest rate of any distinct group; 6.8%. *See* First Offender Report, at 13-14, 16-17. That rate of recidivism does not include other positive considerations (as above - education, employment, etc.), which would push the prediction for Ms. Meas even lower. Realistically, Ms. Meas does not present any threat to commit any future crime. A prison sentence does not properly address any necessary deterrent, and has no impact on Ms. Meas's potential to reoffend.

The fact of conviction for a felony offense will aptly serve as a sufficient deterrent to Ms. Meas. Her post-offense conduct shows that she has realized her error and rehabilitated herself. She has continued to work and remain a productive member of society. She continues to take care of her parents and has started her own family. Her lawful law abiding success on a daily basis has served as its own deterrent; she now has much more to lose if she misbehaved again.

The purpose of incapacitation serves to punish a defendant as well as protect society from the individual. Neither reason justifies a prison sentence in this instance. As stated, a felony conviction will sufficiently punish Ms. Meas. Despite her education, devotion to her family, and her hardworking nature, she will from now on carry the label of "felon." She will be turned away from jobs and miss out on other opportunities for which she would otherwise be fully qualified. She will no longer be able to vote, hold office, or serve on a jury. Many defendants appear before this Court already having a felony record so these rights simply do not mean much, but for Ms. Meas they are truly significant punishments.

Incapacitation of Ms. Meas would not serve to protect the public. No serious argument can be made that Ms. Meas is now, or ever was, a danger to the community. Citizens Bank did suffer a loss, but incarceration cannot promote protection for the bank either. Incarceration would actually exacerbate the current situation because it would result in, at least, Ms. Meas losing her current employment. Loss of that job would greatly impair her ability to pay

---

[3] A sentence of straight probation also presents a lower rate of recidivism than prison sentences or other confinement alternatives. Recidivism Report, at 13.

restitution to the bank. It would also penalize the public by housing her with the BOP for the term of the sentence at a cost of approximately $2500 per month. The public will be better protected and served by allowing Ms. Meas to continue working in her current job while serving a sentence of probation.

Lastly, a prison sentence will not promote any rehabilitation for Ms. Meas. 18 U.S.C. § 3553(a)(2)(D). She has accepted her responsibility for her actions before the Court, but also admitted her responsibility to the bank's investigators when the incident occurred in 2003. She has remained trouble free since, has remained a gainfully employed law abiding member of society, and has given birth to a child. She is not in need of any educational or vocational training from the BOP, and does not have any need for substance abuse treatment. She has worked hard to be a productive member of society and has shown herself to be rehabilitated.

## III. Conclusion

The Court must impose the minimally sufficient sentence in this matter per the guidance of 18 U.S.C. § 3553(a). In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve <u>greater</u> justice, deterrence, incapacitation, or rehabilitation. Considering all of the unique facts of Ms. Meas's background and her offense conduct the Court should impose a probationary sentence. A probationary sentence is authorized by the guidelines in this case and it represents Congress's will because Ms. Meas is a first time offender. Further, Ms. Meas has accepted full responsibility for her actions and shown the Court since this incident that she can conform to society's rules and proper behavior. For all of these reason the Court should impose a probationary sentence.

Respectfully submitted
Phalla Meas
By her attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903

(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was hand-delivered to Dennis Jenkins, United States Probation Officer, and Andrew Reich, Assistant United States Attorney, on November 8, 2007.

/s/ Kevin J. Fitzgerald